IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEE BELCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 11-2070-JDT-dkv |
| | ) | |
| DR. VARGAS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On January 24, 2011, the *pro se* Plaintiff, Anthony Lee Belcher, filed a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff is currently an inmate at the Federal Correctional Institution Williamsburg in Salters, South Carolina, but the complaint addresses his previous incarceration at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). The Court entered an order on August 5, 2011, dismissing portions of the complaint and directing the Clerk to issue process for the Defendant, Dr. Vargas,[1] and for the United States. (D.E. 6.)

The Defendant filed a motion to dismiss or for summary judgment on November 10, 2011. (D.E. 13.) Pursuant to Local Rules 12.1(b) and 56.1(b), Plaintiff's response to the

---

[1] Documents subsequently filed by the Defendant indicate that her full name is Dr. Leira A. Vargas-Del Toro. The Clerk is DIRECTED to modify the docket to reflect the Defendant's full name.

motion was due on or before December 8, 2011.  However, Plaintiff did not file a response and did not seek an extension of time in which to do so.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or

(B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1)   give an opportunity to properly support or address the fact;

(2)   consider the fact undisputed for purposes of the motion;

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

(3)     grant summary judgment if the motion and supporting materials–
        including the facts considered undisputed–show that the movant is
        entitled to it; or

(4)     issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery
and upon motion, against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial.  In such a situation, there
can be "no genuine issue as to any material fact," since a complete failure of
proof concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial.  The moving party is "entitled
to judgment as a matter of law" because the nonmoving party has failed to
make a sufficient showing on an essential element of [his] case with respect to
which [he] has the burden of proof.

477 U.S. at 322-23.  In considering whether to grant summary judgment, "the evidence as

well as the inferences drawn therefrom must be read in the light most favorable to the party

opposing the motion."  Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986);

see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)

(same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving

party] is such that a reasonable jury could return a verdict for the non-moving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere existence of a scintilla of evidence in support of the plaintiff's
position will be insufficient; there must be evidence on which the jury could
reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably

3

> asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).  However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter.  Liberty Lobby, 477 U.S. at 249.  Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

The fact that Plaintiff did not respond does not require granting Defendant's motion. Nevertheless, if the allegations of the complaint are contravened by Defendant's evidence and Defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate.  Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

In the order of partial dismissal, the Court summarized Plaintiff's allegations against Defendant Vargas, the Chief Dentist at FCI Memphis:

> [I]n early 2009, Plaintiff visited dental services at FCI Memphis to have his teeth extracted in preparation for full upper and lower dentures.  Several months later, dental services prepared a mold for the dental plates.  The dentures were delivered to FCI Memphis on or about May 21, 2010. Defendant Vargas gave the dentures to Plaintiff, who informed her that they did not fit. (D.E. 1 at 4-5, ¶¶ 8-9.) Defendant Vargas performed an adjustment on or about May 24, 2010, to try to make the dentures wearable. (Id. at 5, ¶ 10.)  Plaintiff was unable to use the dentures because they were painful and moved around in his mouth when he attempted to eat. (Id. ¶ 11.)  On May 28, 2010, a second impression was taken of the upper portion of Plaintiff's mouth, but no new impressions were taken of the lower denture. (Id. ¶ 12.)

4

Plaintiff complains that he was without any teeth or a prosthesis from early 2009 through May 24, 2010. He was unable to chew foods and no soft food diet was provided. (Id. ¶ 13.) Plaintiff allegedly requested a soft food diet but was told that the food service provider did not prepare soft food diets. (Id. at 6, ¶ 14.) He also requested a permanent implant, which he contends was necessary because "his gums are so receded that a temporary prostheses will not fit and stay in place to allow him to chew his food" (id. at 5, ¶ 14), but his request was not approved. (Id. at 6, ¶ 16.) Plaintiff contends that he has experienced pain and problems with his gums and with his digestive system due to the failure to provide him with soft foods and a permanent implant. (Id. at 6-7, ¶ 16)

(D.E. 6 at 2.) Plaintiff contends that the Defendant's treatment amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

In support of the motion for summary judgment, Defendant Vargas has submitted her sworn Declaration. (Def.'s Decl., D.E. 13-2.) She states that she is employed by the United States Public Health Service ("PHS") as a Public Health Officer. (Id. ¶ 1.) In that capacity, she has been assigned to work as the Chief Dental Officer at FCI Memphis since July 2009. (Id. ¶¶ 2-3.) As part of her duties, Vargas provides dental services to inmates at FCI Memphis, and she provided dental care to the Plaintiff while he was at that facility. (Id. ¶¶ 4-5.)

Defendant contends that she is entitled to judgment as a matter of law because she is immune from liability under Bivens. In Carlson v. Green, 446 U.S. 14 (1980), the Supreme Court stated that a Bivens action could be defeated in a particular case if "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." Id. at 18. Congress has

5

provided an alternative remedy with regard to PHS officers and employees which includes a grant of immunity.

> Pursuant to 42 U.S.C. § 233(a):
>
> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damages for personal injury, including death resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

The United States Supreme Court explicitly upheld § 233(a) in Hui v. Castaneda, 130 S. Ct. 1845 (2010). "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. But its terms, § 233(a) limits recovery for such conduct to suits against the United States." Id. at 1851. The Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2672, is thus the exclusive remedy for personal injury claims against PHS officers and employees.

Defendant Vargas is absolutely immune from liability under Bivens. Therefore, there are no genuine issues of material fact for trial, and the Defendant is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal

6

is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $455 appellate filing fee if Plaintiff nevertheless appeals the grant of summary judgment.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b).  Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**                       
JAMES D. TODD
UNITED STATES DISTRICT JUDGE